**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| LATANGIA VENISE WALKER, | § | |
| | § | |
| Debtor/Appellant, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-4608 |
| | § | |
| TEXAS FIRST NATIONAL BANK, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM AND ORDER**

This appeal presents questions that remain unsettled in the courts: whether a creditor who has lawfully repossessed a vehicle prepetition must return it to the Chapter 13 debtor once notice of the bankruptcy and a demand for turnover are received, even if the creditor lacks adequate protection for its lien; and whether the creditor violates the stay by retaining the vehicle until adequate protection is provided. Based on a careful consideration of the record and the applicable law, this court finds that under the circumstances presented in this case, the creditor did violate the stay under 11 U.S.C. § 362(a)(3) and that the debtor is entitled to damages under 11 U.S.C. § 362(h). The reasons are set out below.

**I.    Background**

Appellee Texas First National Bank financed the purchase of a truck by debtor/appellant Latangia Venise Walker in August 2002. Walker provided proof of

insurance as part of the financing. In October 2002, the Bank received notice that Walker's insurance had been cancelled. Walker promised to obtain insurance on the vehicle, but failed to do so. The Bank, however, did nothing for approximately a year. On October 7, 2003, based on the continued lack of insurance and a three-month default in payments, the Bank repossessed the truck. On October 9, 2003, the Bank notified Walker of the repossession and of its intent to sell the vehicle after October 15. On October 14, Walker filed a petition under Chapter 13 of the Bankruptcy Code. Walker's bankruptcy counsel telephoned the Bank, notified it of the bankruptcy, and demanded the vehicle returned. The day after the bankruptcy was filed, the Bank filed a motion for relief from the stay under 11 U.S.C. § 362(d)(1), based on a lack of adequate protection, and under 11 U.S.C. § 362(d)(2), based on the lack of equity in the vehicle. In the motion, the Bank sought permission to sell the vehicle. The bankruptcy court set a hearing on the Bank's motion for relief from stay for November 12, 2003. On November 5, 2003, Walker filed the complaint in an adversary proceeding, seeking turnover under 11 U.S.C. § 542 and damages for a violation of the stay under 11 U.S.C. § 362(h). At Walker's request, the court heard the Bank's motion for relief from stay and Walker's turnover complaint at the same time, on November 19, 2003. At the hearing, the parties presented an agreed order for turnover, based on the fact that Walker had presented proof that she had paid for insurance coverage for six months, and a modified motion to lift the stay. The court signed both. Walker received the vehicle the following day, 37 days after she had filed for bankruptcy and demanded the return of the vehicle.

The bankruptcy court denied the Bank's motion for summary judgment, finding fact issues as to whether the Bank had violated the stay and whether Walker had sustained damages as a result. The bankruptcy action was dismissed in April 2004, after Walker failed to pay certain fees and to make certain filings. At the trial of the adversary action, held on September 22, 2004, Walker testified as to the damages she had sustained. Her testimony revealed that she had no out-of-pocket losses or lost wages as a result of the Bank's continued possession of the vehicle until the agreed turnover order was signed. Walker's testimony revealed that because she had no insurance during the 37 days between when she filed bankruptcy and when the Bank released the vehicle to her, she could not legally have driven the vehicle and had no damages for the loss of use. Although she claimed to have lost two days of work, one of those days was before the bankruptcy filing and the other day was spent at her lawyer's office working on the bankruptcy paperwork. She did not rent a car; instead, her husband drove her to work. Walker was not charged for any of the fees the Bank incurred in repossessing or storing the vehicle. Walker's counsel testified that he had spent 27 hours on filing a complaint for turnover and damages, attending court hearings on the motion for turnover, responding to a motion for summary judgment filed by the Bank, and preparing for the hearing on damages, which, at a rate of $275 per hour, resulted in a total claim of $7,640.64.

At the conclusion of the September 2004 hearing, the bankruptcy court found that Walker had failed to present any evidence that the failure to return the vehicle on demand violated the stay. On appeal, Walker contends that because the vehicle was property of the

bankruptcy estate under 11 U.S.C. § 542(a), the Bank violated the automatic stay imposed under 11 U.S.C. § 362(a)(3) by failing to return the vehicle in response to Walker's demand, and that Walker is entitled to actual damages, including her attorney's fees, under 11 U.S.C. § 362(h).  The Bank argues that Walker failed to show any violation of the stay or damages.

## II.    The Standard of Review

In reviewing a bankruptcy court decision, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal.  28 U.S.C. § 158(a); *In re Webb*, 954 F.2d 1102, 1103–04 (5th Cir. 1992).  This court will not set aside a bankruptcy court's findings of fact unless they are clearly erroneous.  FED. R. BANKR. P. 8013; *In re McDaniel*, 70 F.3d 841, 842–43 (5th Cir. 1995).  A finding of fact is clearly erroneous if, after review of all the evidence, the court is left with a firm and definite conviction that the bankruptcy court erred.  *In re McDaniel*, 70 F.3d at 843.  This court reviews legal conclusions *de novo*.  *Id.*; *In re Herby's Foods, Inc.*, 2 F.3d 128, 130 (5th Cir. 1993).

## III.   Analysis

Walker contends that the bankruptcy court erred in finding that she had to present additional or different proof of liability.  Walker points out that the Bank did not dispute that it had retained possession of the repossessed vehicle after Walker had filed bankruptcy and demanded its return.  The Bank responds that it did not violate the stay by refusing to return the vehicle when the debtor had no insurance, and that, in any event, Walker sustained no damages.

The courts have reached inconsistent results as to whether a lender violates the automatic stay if it retains a vehicle lawfully repossessed before bankruptcy until it receives adequate protection for its lien. In *Mitchell v. BankIllinois*, 316 B.R. 891 (S.D. Tex. 2004), this court held that because, under Texas law, the debtor retained title to the repossessed vehicle, it became property of the bankruptcy estate when the bankruptcy was filed.[1] Neither party to this appeal argues otherwise. Nor do the parties dispute that the bankruptcy court would require that the Bank be provided with adequate protection before the court would order turnover under section 542(a). *See generally, Ga. Pac. Corp. v. Sigma Serv. Corp.*, 712 F.2d 962, 966 (5th Cir. 1983); *In re Moffett,* 356 F.3d 518, 523 (4th Cir. 2004); *In re Empire for Him, Inc.*, 1 F.3d 1156, 1160 (11th Cir. 1993); *In re Patterson*, 263 B.R. 82, 90 n.15 (Bankr. E.D. Pa. 2001); *Spears v. Ford Motor Credit Co. (In re Spears)*, 223 B.R. 159, 165 (Bankr. N.D. Ill.1998); *In re Massey*, 210 B.R. 693, 696 (Bankr. D. Md. 1997). The issue in this case is whether the creditor violates the automatic stay by retaining the vehicle after

---

[1] Under 11 U.S.C. 541(a)(1), a bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." Section 542(a) requires that an entity in possession of property "that the trustee may use, sell, or lease under section 363" must deliver that property to the trustee. The Supreme Court in *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 103 S. Ct. 2309 (1983), held that if a secured creditor repossesses the debtor's property prepetition, that property may be included in the estate. "[Section] 542(a) grants to the estate a possessory interest in certain property of the debtor that was not held by the debtor at the commencement of the proceedings." 462 U.S. at 207, 103 S. Ct. at 2314–15. The *Whiting Pools* Court stated that section 542(a) may not apply if the seizure of the property transferred ownership. Ownership under section 541 is determined under state law. *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918 (1979); *In re Thomas*, 883 F.2d 991, 995 (11th Cir. 1989); *In re Robinson*, 285 B.R. 732, 735 (Bankr. W.D. Okla. 2002). Once the debtor's state law property rights are determined, federal bankruptcy law applies to establish the extent to which those rights are property of the estate. *Butner*, 440 U.S. at 55; *In re Thomas*, 883 F.2d at 995; *In re Robinson*, 285 B.R. at 735. Under Article 9 of the Texas Business and Commerce Code, Walker retained ownership after the Bank took possession. Her vehicle became property of the bankruptcy estate after she filed her bankruptcy petition.

receiving notice of the bankruptcy filing and a demand for its return until the debtor provides adequate protection.

In *Mitchell*, this court held that under the language of section 362, the lender violated the automatic stay by refusing to return a vehicle repossessed before the bankruptcy when the return was demanded and notice of the bankruptcy provided, despite the lender's contention that it lacked adequate protection for its interest in the vehicle. This court pointed to the fact that the majority of courts to consider the question have held that creditors retaining an automobile repossessed prepetition, after the debtor demands return, violate the section 362(a)(3) automatic stay. *See In re Sharon*, 234 B.R. 676, 681–682 (6th Cir. BAP 1999); *In re Bunton*, 246 B.R. 851 (Bankr. N.D. Ohio 2000); *Nissan Motor Acceptance Corp. v. Baker*, 239 B.R. 484 (N.D. Tex. 1999); *GMAC v. Ryan*, 183 B.R. 288 (M.D. Fla. 1995); *Carr v. Sec. Sav. & Loan Ass'n.*, 130 B.R. 434 (D.N.J. 1991); *In re Zaber*, 223 B.R. 102 (Bankr. N.D. Tex. 1998); *In re Belcher,* 189 B.R. 16 (Bankr. S.D. Fla. 1995); *Coats v. Vawter (In re Coats)*, 168 B .R. 159 (Bankr. S.D. Tex. 1993). Under these cases, a creditor's continued retention of estate property after notice of a bankruptcy filing constitutes an "exercise of control" over property of the estate, in violation of the automatic stay. *See In re Sharon*, 234 B.R. at 682; *Knaus v. Concordia Lumber Co., (In re Knaus)*, 889 F.2d 773 (8th Cir. 1989); *In re Zaber*, 223 B.R. at 107. A willful violation of the stay does not require a specific intent to violate the stay. *See id.* Applying these cases, a creditor that receives no tender of protection or one that is rejected as inadequate may not retain the property, but must

turn over the property to the debtor and turn to the bankruptcy court for relief, on an expedited basis if desired. *Id.*

This court acknowledged that a growing number of courts hold that a creditor need not turn over a vehicle seized prepetition until adequate protection has been provided. Under these cases, passively maintaining the status quo in property lawfully repossessed prepetition does not amount to an act to exercise control. *See, e.g., In re Spears*, 223 B.R. at 166 (creditor did not violate the automatic stay in refusing to voluntarily surrender plaintiff's vehicle to her at the commencement of the case); *In re Fitch*, 217 B.R. 286, 291 (Bankr. S.D. Cal. 1998); *Massey v. Chrysler Fin. Corp., (In re Massey)*, 210 B.R. 693, 696 (Bankr. D. Md. 1997) (creditor does not violate § 362 by refusing to return vehicle to debtor and is not obligated to return until debtor provides adequate protection); *In re Young*, 193 B.R. 620 (Bankr. D.C. 1996) (creditor is entitled to retain possession of property pending resolution of request for adequate protection of its interest in the property and is not subject to sanctions); *In re Richardson*, 135 B.R. 256, 258–59 (Bankr. E.D. Tex. 1992) (finding that the automatic stay is designed to preserve the status quo at the time of bankruptcy petition's filing and that refusal to return an automobile seized before petition filed is consistent with maintaining the status quo and not a violation of the automatic stay). Under these cases, the creditor is entitled to retain possession of the collateral until the bankruptcy court determines that the debtor or bankruptcy trustee has met its burden of proving adequate protection under 11 U.S.C. § 363(o)(1). *See In re Young*, 193 B.R. at 625.

In *In re Sharon*, the majority and dissenting opinions set out the competing arguments. The majority opinion relies on the language of section 362(a)(3) and the Supreme Court's decision in *Whiting Pools,* 462 U.S. at 198, 103 S. Ct. 2309.  Once the vehicle becomes the "property of the estate" under section 362(a), "the statutory consequence . . . is application of the automatic stay."  Withholding possession of property of the bankruptcy estate "constitutes 'the exercise [of] control over property of the estate.'"  *In re Sharon*, 234 B.R. at 681.  The *Sharon* majority continued:

> There is no "exception" to property of the estate for property with respect to which a creditor claims a right of "adequate protection."  To the contrary, as recognized by the Supreme Court in *Whiting Pools*, §§ 541 and 542 of the Code work together to draw back into the estate a right of possession that is claimed by a lien creditor pursuant to a prepetition seizure; the Code then substitutes "adequate protection" for possession as one of the lien creditor's rights in the bankruptcy case. . . .
>
> The "congressionally established bankruptcy procedures" for asserting a lien creditor's right to adequate protection *do not* include the unilateral refusal to deliver possession.

*Id*. at 683–84 (emphasis in original).  The majority held that a creditor could not first violate the stay and then seek relief from the stay under section 362(d).  The creditor could not withhold possession until the bankruptcy court ordered adequate protection and turnover. Rather, the creditor had the right to file a motion for relief from the stay and request adequate protection, but had to tender the goods or face sanctions for violation of the stay. *Id*. (internal citations omitted).

The dissent in *Sharon* set out the competing considerations, which have considerable force. The dissent and subsequent cases adopting its reasoning recognize that an "automatic turnover approach sanctions a procedure used to bludgeon creditors by employing the petition as a device to recover a repossessed vehicle without a hearing." *Id*. at 688. The stay is designed to freeze the status quo as of the petition date, so that retaining property lawfully seized prepetition is not an "exercise of control over property of the estate" forbidden by section 362(a)(3). If a creditor cannot retain the vehicle until the question of adequate protection is resolved, the creditor might face a total loss. Under this view, the debtor must file an adversary proceeding to recover the property of the estate. *Id*. at 689.

In *Mitchell*, this court considered the competing lines of authority. In that case, the creditor had waited a substantial amount of time before asserting its right to adequate protection; the creditor did not file a motion from relief from the stay until more than two weeks after the debtor had demanded the vehicle's return and provided proof of insurance, and more than one week after the debtor filed a turnover motion. In *Mitchell*, this court noted that a creditor has immediate access to the courts to obtain assurance of adequate protection of the collateral under 11 U.S.C. § 362(e)–(f);[2] a court may condition or prohibit the debtor's

---

[2] Section 362(e) provides:

Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a

use of collateral as necessary to provide adequate protection of the creditor's interest under section 362(e); and a creditor can seek such relief on an emergency basis under section 362(f), if the creditor's rights are threatened with irreparable harm. This court concluded that under the language of section 362(a)(3), the creditor's refusal to return a vehicle repossessed prepetition based on a lack of adequate protection violated the stay.

The Bank urges this court to reach a different result in the present case, pointing to its prompt action in filing a motion for relief from the stay, unlike the procrastinating creditor in *Mitchell.* The Bank also points to the fact that Walker had no insurance, unlike the debtor in *Mitchell*, who presented proof of some insurance that the creditor asserted was inadequate. The Bank's distinctions do not, however, remove the statutory underpinning of this court's earlier decision. Once a debtor files for Chapter 13 bankruptcy, the Bankruptcy Code automatically stays any act by parties to exercise control over, or to enforce a prepetition or postpetition lien against, property of the bankruptcy estate. 11 U.S.C. § 362(a)(3)–(5) (2003). An entity that possesses property that the bankruptcy trustee may use, sell, or lease

---

> reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.
>
> Section 362(f) provides:
>
> Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent irreparable damage to the interest of an entity in property, if such interest will suffer damage before there is an opportunity for notice and a hearing under subsection (d) or (e) of this section.

under the Bankruptcy Code is required to turn over or account for the property. 11 U.S.C. § 542(a). A creditor that has repossessed prepetition violates the stay by refusing to surrender the property even if no adequate protection is offered. When a creditor fears that its lien is in immediate jeopardy if possession is delivered consistent with section 542(a), the congressionally-established bankruptcy procedure is expedited relief under section 362(e) or (f). Before requiring a party to turn over property, courts must ensure that the party's interest in the property is adequately protected. *Id*. §§ 362(d)(1), 363(e).

Although the Bank did seek relief from the stay based in part on the lack of adequate protection, it retained possession of the vehicle until the court heard the motion. If the Bank was unwilling to relinquish possession of the vehicle until it received adequate protection, it could have sought expedited consideration under section 363(e) or (f), but did not. The Bankruptcy Code does not offer a creditor the option of simply refusing to surrender possession when it fears inadequate protection of its lien. This court finds that the Bank violated the automatic stay.[3] *Compare In re Pike,* 258 B.R. 876, 885 n.5 (Bankr. S.D. Ohio

---

[3] As one court has recently stated:

> Creditors in possession of collateral constituting estate property violate the automatic stay if they retain possession of that collateral postpetition following a debtor's demand for turnover. If creditors are asked to return collateral constituting estate property, it is insufficient to avoid a violation of the stay simply by filing a motion for relief and retaining possession of the collateral pending a hearing under § 362(d). Creditors who proceed in this manner risk damages for a violation of the automatic stay, even if such creditors ultimately prevail on their motions for relief from the stay based on a lack of adequate protection. Pursuant to the aforementioned statutes and case law, creditors who believe their lien interests are in imminent jeopardy should seek expedited relief under § 362(f).

2001) (creditor invoked section 362(f), filing a motion for relief from stay and requesting an emergency hearing, at which there was no evidence of a demand for turnover between the petition date and the hearing or evidence of insurance; "under the narrow circumstances of this case, the Court finds that Ford's continued possession of the Automobile after the Petition Date was proper.").

This result is subject to the criticisms that are reflected in the dissent in *Sharon* and subsequent cases. The statute can place a creditor in a difficult position, one that may give the debtor an unwarranted advantage, particularly when, as here, the bankruptcy is dismissed. But it is the statute as written that creates the problem that has given rise to this case and divided the courts. The recently-enacted Code amendments may resolve some of the confusion. In addition, as of September 1, 2005, procedures for Chapter 13 cases filed in the Southern District of Texas directly address the issue. Under these procedures, in each Chapter 13 case, an "adequate protection order" will be entered that authorizes the use of "estate vehicles" under section 363 and provides adequate protection to the holders of liens on those vehicles, including lenders such as the Bank. The order will require debtors to maintain insurance on the vehicle in the amount set by the prepetition contract and provide proof of that insurance to the lienholder. The lienholder is given an administrative claim with priority as additional protection. Because of the changes in statute and procedure, the uncertainty reflected in this case and in *Mitchell* may come to an end. On the present record,

---

*Williams v. GMAC (In re Williams)*, 316 B.R. 534, 544 (Bankr. E.D. Ark. 2004).

however, this court concludes that the bankruptcy judge erred in finding that Walker had failed to show that the Bank violated the stay when it refused to return the vehicle unless and until Walker provided proof of insurance.[4]

Under section 362(h), "[a]n individual injured by any willful violation of a stay provided by [section 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." A party seeking damages for a stay violation must establish that a violation occurred, the violation was committed willfully, and the violation caused actual damages. *See Lovett v. Honeywell, Inc.*, 930 F.2d 625, 628 (8th Cir. 1991); *see also Bolin v. Sears, Roebuck & Co.*, 231 F.3d 910, 977 (5th Cir. 2000); *Pettitt v. Baker*, 876 F.2d 456, 457 (5th Cir. 1989). A willful violation of the automatic stay occurs when the creditor acts deliberately with knowledge of the bankruptcy petition. *In re Sharon*, 234 B.R. at 687; *In re Diviney*, 225 B.R. 762, 774 (10th Cir. BAP 1998); *In re Abrams*, 127 B.R. 239, 243 (9th Cir. BAP 1991); *In re Knaus*, 889 F.2d at 775. A belief that withholding possession would not violate a stay does not preclude a finding of a willful violation of section 362(h). *In re Sharon*, 234 B.R. at 687–88; *In re San Angelo Pro Hockey Club, Inc.*, 292 B.R. 118, 125 (Bankr. N.D. Tex. 2003).

---

[4] The bankruptcy court held that Walker was required to show that the Bank had demanded insurance in excess of that required under Texas law. Counsel for the Bank does not argue that Walker failed to show that the Bank refused to return the vehicle because Walker did not have insurance in amounts exceeding that required under Texas law. It is undisputed that Walker had no insurance. Walker asserts that she had no burden to show that the Bank conditioned turnover on the procurement of a certain amount of insurance, but that the Bank had no right to condition turnover on the procurement of any insurance, without the approval of the bankruptcy court.

The Bank continued to withhold possession of the vehicle with knowledge of the bankruptcy petition after Walker's attorney had demanded its return. Even the Bank's asserted belief that it was entitled to retain possession of the automobile until Walker provided proof of insurance that would protect the Bank's interest does not remove the willful nature of its actions. The Bank had an opportunity to raise the adequate protection issue in the bankruptcy court before taking the action that violated the automatic stay. *In re Diviney*, 225 B.R. at 774. Although the Bank did promptly raise the question of inadequate protection in the bankruptcy court by filing a motion for relief from the stay, it continued to withhold the vehicle without seeking an immediate hearing on the need for protection as a condition to turnover. Because the Bank willfully violated the section 362 stay, it is liable for Walker's actual damages under section 362(h).

The Bank contends that Walker has sustained no damages and that therefore she is not entitled to recover legal fees or costs. This court agrees that Walker has no compensable damages under section 362(h), unless the attorney's fees she incurred are recoverable under the statute even without other damages. The evidence is clear that Walker incurred no costs from having the vehicle stored for the 37 days that elapsed between the date the petition was filed and she demanded the vehicle's return and the date the Bank restored the vehicle to her. During that time, Walker lost no wages and incurred no other damages as a result of her inability to use the vehicle. Walker would have been unable to use the vehicle even if the Bank had restored it immediately after she made her demand, because she lacked any

insurance. The issue is whether, absent other compensable damages, Walker is entitled to recover attorney's fees expended in obtaining the return of the vehicle and, if so, how much.

There are reported cases holding that attorney's fees may not be recovered under section 362(h) absent separate injury to the debtor. *See, e.g., In re Whitt*, 79 B.R. 611, 616 (Bankr. E.D. Pa. 1987) ("[N]o damages will be awarded as a result of the violation of the automatic stay if there was no evidence that the debtor suffered any harm."); *Lovett*, 930 F.2d at 629 (same, *citing Whitt*); *see also Loethen Oil Co. v. Hen House Interstate, Inc*., 136 B.R. 220, 223–24 (Bankr. E.D. Mo. 1992) (denying attorney's fees incurred in filing a motion for sanctions because there were no damages to which the fees could attach). Most courts have held that because the statutory language recognizes attorney's fees as included in damages under section 362(h) for a willful violation of the automatic stay, they must be awarded even if the debtor suffered no other compensable harm. *See, e.g., Eskanos & Adler P.C. v. Leetien*, 309 F.3d 1210, 1215–16 (9th Cir. 2002) (under section 362(h), a debtor need not prove actual damages apart from attorneys' fees, which are alone recoverable); *Aiello v. Providian Fin. Corp.*, 239 F.3d 876 (7th Cir. 2001); *In re Jackson*, 309 B.R. 33, 37 (W.D. Mo. 2004) (stating that "the mere violation of the automatic stay is an injury to the debtor"; adding that a requirement of actual damages to section 362(h) is extra-statutory and unauthorized); *In re Skeen*, 248 B.R. 312 (Bankr. E.D. Tenn. 2000). Again, the division in authorities reflects a tension between the plain language of the statute and concerns over its application. Courts refusing to award attorney's fees for a willful violation of a stay in the absence of compensable injury point to concerns over satellite fee litigation and caution that

section 362(h) is designed to compensate an individual who has been harmed by the stay violation, not to generate damages in the form of fees incurred in bringing the action. *See, e.g., In re Martinez*, 281 B.R. 883, 886 n.4 (Bankr. W.D. Tex. 2002).

The Bank notes that it promptly filed a motion for relief from the stay; that although Walker's counsel demanded the return of the vehicle the day before the petition was filed, no proof of insurance was produced until the day of the hearing on the motion to lift the stay and the turnover motion; and the vehicle was returned the next day. The only relief Walker sought, and the only relief to which she was entitled, was the return of the vehicle. That relief was obtained on the date that the court granted the agreed turnover motion and the agreed motion for modification of the stay.

The record shows that the Bank filed a motion for relief from the stay on the day after the bankruptcy petition was filed and the motion was set for hearing approximately one month later. Three weeks later, counsel for Walker filed an adversary proceeding and a turnover motion, and sought an "emergency status hearing" at the same time as the hearing on the motion for relief from the stay. Both of the motions were heard on the same date, November 19. The next day, after the judge signed the agreed turnover order and the agreed order granting limited relief from the stay, the vehicle was returned to Walker. In April 2004, the bankruptcy was dismissed. At the trial on the adversary complaint, counsel for Walker testified that as of the date the turnover motion and the motion for relief from stay were heard and the agreed turnover order was signed, he had spent 9.6 hours, incurring fees in the amount of $2,640. The fees incurred after that date were largely devoted to asserting

additional claimed damages for loss of use of the vehicle, which were revealed to be wholly without basis, and to litigating the right to recover the fees incurred in filing the turnover motion, obtaining and attending the hearing, and obtaining the agreed order.[5]

The Bank did file a motion for relief from stay. Although it did not seek an expedited hearing, it did initiate the procedure to put the issue of adequate protection before the bankruptcy judge. Walker is not entitled to the fees she incurred in resisting the motion for relief from stay, but only to the reasonable fees incurred in filing an adversary proceeding and the turnover motion. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (emphasizing discretionary nature of reasonable attorney fee determinations and the requirement that a district court exclude hours not reasonably expended); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995) (same). Walker is not entitled to fees for help in obtaining insurance for her vehicle; such insurance is a legal requirement that exists independent of the bankruptcy stay. Walker is not entitled to fees incurred for pursuing her nonexistent claims for damages (other than reasonable fees incurred in obtaining the turnover and litigating her right to those fees).

---

[5] Federal statutory fee cases, including those under bankruptcy code, permit a court to award attorneys' fees for pursuing fee petitions and applications. *See, e.g., In re Smith*, 317 F.3d 918, 928 (9th Cir. 2002) ("[T]ime spent litigating fee awards should be compensable"); *In re Nucorp Energy, Inc.*, 764 F.2d 655, 660 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."); *see also Johnson v. Mississippi*, 606 F.2d 635, 638 (5th Cir. 1979) ("We conclude that attorney's fees may be awarded for time spent litigating the fee claim"; noting that to hold otherwise would dilute a recoverable fee award; and finding other circuits are in accord).

Walker submitted a fee statement as part of the bankruptcy court record. The following entries are not properly included as fees incurred as a result of the Bank's violation of the automatic stay:

- the portion of the 11/5/2003 fees relating to preparation of complaint seeking damages for loss of use of the vehicle (approximately one-third);

- the 11/13/03 and 11/14/03 fees for conferences regarding insurance;

- the portion of the 2/16/2004 fees relating to damages (approximately one-third);

- the portions of the fees recorded for 2/24/2004, 3/15/2004, 3/22/2004, 4/26/2004, 4/27/2004, and 5/18/2004, relating to the damages aspects of the summary judgment motion and briefing (approximately one-third);

- the fees recorded for 4/19/2004, 4/21/2004, and 4/26/2004, relating to review of the amicus briefs;

- the fees recorded for 8/10/2004, 9/16/2004 and 9/22/2004, with the exception of those reasonably necessary to present the amount of fees reasonably incurred as a result of the violation of the stay.

The reasonable hourly rate is uncontroverted; it is $275 per hour. With the reductions detailed above, the reasonable number of hours that Walker paid her attorney for work reasonably necessary as a result of the stay violation is 16.30, resulting in a reasonable fee of $4,482.50.

Walker is not entitled to punitive damages, given the Bank's prompt action in filing the motion for relief from stay, securing the vehicle pending the hearing on the motion, and prompt return of the vehicle when the proof of insurance was provided. *See Williams v. GMAC,* 316 B.R. 534 (Bankr. E.D. Ark. 2004).

**IV.    Conclusion**

The bankruptcy court's ruling is reversed. Walker is entitled to receive $4,482.50 in actual damages under 11 U.S.C. § 362(h), consisting of the attorney's fees reasonably incurred as a result of the Bank's violation of the automatic stay imposed under 11 U.S.C. § 362(a).

SIGNED on July 20, 2005.

_____
Lee H. Rosenthal
United States District Judge